UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VERONICA BRUNO

VERSUS

AMERICAN BANKERS INSURANCE
COMPANY, ET AL

CIVIL ACTION

NO.: 2:22-cv-04558

SECTION: T (5)

## ORDER

Before the Court is a Motion to Dismiss for Failure to State a Claim pursuant to Federal

Rule of Procedure 12(b)(6) filed by Defendant, Aparicio Walker & Seeling, Inc. ("AWS").[1]

Plaintiff has not filed an opposition. For the following reasons, the motion is **GRANTED**.

## RELEVANT BACKGROUND

On November 17, 2022, Plaintiff filed a Complaint with this Court, naming both American

Bankers Insurance Company ("Bankers Insurance") and AWS as Defendants. Therein, Plaintiff

asserts that she obtained a flood insurance policy from Bankers Insurance under Policy Number

69000628812020 (the "Policy") for her property located at 160 Oak Arbor Drive, LaPlace,

Louisiana 70068 (the "Property").[2] Plaintiff alleges that Bankers Insurance was a Write-Your-

Own ("WYO") Program Carrier participating in the National Flood Insurance Program ("NFIP")

pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA"), 42 U.S.C. § 4001,

*et seq.*[3] Plaintiff further asserts that significant damage occurred to the Property on August 29,

---

[1] R. Doc. 11.
[2] R. Doc. 11-1 at 2.
[3] R. Doc. 1, ¶ 12.

1

2021 as a result of Hurricane Ida and that she notified Bankers Insurance of this damage on or about August 30, 2021.[4]

The basis of Plaintiff's complaint is a disagreement with Bankers Insurance regarding the value of loss due to flood damages. To that end, Plaintiff contends that Bankers Insurance and AWS are liable for assorted claims regarding the value of loss due to flood damage caused by Hurricane Ida. Plaintiff alleges that "[p]ursuant to 44 C.F.R. Sections 62.23(d) and (i)(6), Bankers Insurance and AWS were and are responsible for arranging the adjustment, settlement, payment, and defense of all claims arising under the Policy" and that "[p]ursuant to 44 C.F.R. Sections 62.3(i)(1), Bankers and AWS were and are responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals."[5] Plaintiff further alleges that Bankers Insurance and AWS are liable for the difference between the actual loss and expenses incurred by Plaintiff and what Bankers Insurance has paid because Bankers Insurance and AWS "unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment of Plaintiff's claims."[6] Lastly, Plaintiff alleges that AWS assumed the independent duty to adjust and therefore should be held liable under Louisiana law.[7]

On January 9, 2023, AWS filed a Motion to Dismiss Plaintiff's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[8] AWS avers that its Motion should be granted because it owed no duty to adjust, settle, or make payment under Plaintiff's Policy because AWS is not a WYO Program Carrier, regulated under 44 C.F.R. § 62.3, or a "servicing agent" under the

---

[4] R. Doc. 1, ¶¶ 17–18.
[5] R. Doc. 1, ¶¶ 15–16.
[6] R. Doc. 1, ¶ 48.
[7] R. Doc. 1, ¶¶ 23, 50.
[8] Fed. R. Civ. P. 12(b)(6).

NFIP.[9] AWS further argues that it has "no authority or obligation to adjust the plaintiff's property damage claim against Bankers Insurance" because it acted only as Plaintiff's insurance agent, not Plaintiff's insurance carrier.[10] Third, because Plaintiff has not alleged that AWS improperly obtained the policy coverage requested by Plaintiff, or that AWS was negligent in any way in procuring Plaintiff's Bankers Insurance policy, Plaintiff has failed to state a viable cause of action against AWS, an insurance agent.[11] To date, Plaintiff has not responded or otherwise appeared in opposition to the Motion.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[12] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[13] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."[14] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[15] and the documents attached to the complaint.[16]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[17] The complaint is construed in the light most favorable to the plaintiff, accepting as true all well-pleaded

---

[9] *Id.*

[10] R. Doc. 11-1 at 3.

[11] *Id.*

[12] Fed. R. Civ. P. 12(b)(6).

[13] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Matter of Am. River Transp., Co. LLC*, 2019 WL 2847702 at 82 (E.D. La. July 2, 2019).

[15] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

[16] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[17] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

factual allegations and drawing all reasonable inferences in the plaintiff's favor.[18] On the other hand, the court may not rely on "legal conclusions that are disguised as factual allegations."[19] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[20]

Under Federal law, "[a] WYO Company issuing flood insurance coverage shall arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance it issues under the Program, based upon the terms and conditions of the Standard Flood Insurance Policy."[21] For an insurance carrier to enter the WYO program, they must, in part, "[h]ave a five (5) year history of writing property insurance."[22] Moreover, under the NFIP, the "servicing agent," has the responsibility to "arrange for the prompt adjustment and settlement and payment of all claims arising from policies of insurance issued under the program."[23] For purposes of the NFIP, the term "servicing agent" refers to an insurance carrier, not an insurance agent.[24]

Under Louisiana law, "insurance agents do not have an independent duty to adjust an insured's claims or assist in the claims filing or adjustment process" unless the agent assumes such a duty.[25] Rather, insurance agents have only "a duty to place the insurance requested and notify the client if it fails to obtain the requested insurance."[26]

[18] *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.,* 302 F.3d 552, 558 (5th Cir. 2002)).
[19] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)).
[20] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[21] 44 C.F.R. § 62.23(d).
[22] 44 C.F.R. § 62.24(a)(2).
[23] 44 C.F.R. § 62.21(a).
[24] 44 C.F.R. § 62.3.
[25] *Tippen v. Republic Fire & Cas. Ins. Co.*, 2007 WL 4219352 at *6 (E.D. La. Nov. 28, 2007).
[26] *Id.*

The Court finds that Plaintiff has failed to state a viable claim against AWS in this case. Under 44 C.F.R. § 62.24(a)(2), AWS does not qualify as a WYO program carrier because it does not write property insurance policies. Further, because AWS does not qualify as a WYO insurance carrier, AWS cannot be a "servicing agent" under FEMA's regulatory scheme.[27] Therefore, Plaintiff's claims against AWS are legally insufficient because the federal regulations underpinning her claims simply do not apply to insurance agents, like AWS.

Plaintiff's claims also fail under Louisiana law. Courts in this district have routinely held that, in the absence of an agent's assumption of an independent duty to do so, there is no recoverable claim against an insurance agent for failure to adjust, settle, or pay a claim under Louisiana law.[28] In her complaint, Plaintiff alleges that AWS assumed that independent duty by dispatching an NFIP authorized insurance adjuster to the Property.[29] Nonetheless, the conclusory nature of this allegation does not explain causation beyond a speculative level and thus fails to state a claim upon which relief can be granted.[30]

## CONCLUSION

Accordingly, the Motion to Dismiss for Failure to State a Claim is **GRANTED** and Plaintiff's claims against AWS are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 21st day of June 2023.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[27] 44 C.F.R. § 62.6.
[28] *Tippen v. Republic Fire & Cas. Ins. Co.*, 2007 WL 4219352 at *6 (E.D. La. Nov. 28, 2007).
[29] R. Doc. 1, ¶ 22.
[30] Fed. R. Civ. P. 12(b)(6).